Singh v. Garland

BIA
Christensen, IJ
A208 179 248

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-two.

PRESENT:
>        DENNIS JACOBS,
>        SUSAN L. CARNEY,
>        JOSEPH F. BIANCO,
>             *Circuit Judges.*

_____

HARDEEP SINGH, AKA RANA GURANG,
>        *Petitioner*,

>        v.                                           20-1856
>                                                     NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:             Richard W. Chen, Esq., New York, NY.

FOR RESPONDENT:             Brian M. Boynton, Acting Assistant Attorney General;

Anthony C. Payne, Assistant Director; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hardeep Singh, a native and citizen of India, seeks review of a May 20, 2020 decision of the BIA affirming a March 22, 2018 decision of an Immigration Judge ("IJ"), which denied Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hardeep Singh*, No. A208 179 248 (B.I.A. May 20, 2020), *aff'g* No. A208 179 248 (Immig. Ct. N.Y. City Mar. 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Bharatiya Janata Party twice beat him for refusing to leave the Congress Party and join them. The agency reasonably relied on inconsistencies between Singh's evidence

3

regarding (1) whether he was alone when attacked in December 2014 or whether his father was also attacked and injured, (2) whether he was unconscious for days after a second attack, (3) who took him to a medical clinic, and (4) whether he reported the second attack to police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). He failed to provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on Singh's failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably declined to credit his supporting affidavits because, in addition to the inconsistent statements in them, the authors were not

4

available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse). The agency also did not err in declining to credit a handwritten letter purportedly from Singh's doctor because the doctor misspelled the word medicine and stated that he was not available for communication regarding the statement. *Id*.

The multiple inconsistencies and lack of corroboration constitute substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court